IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANDREW H. MYERS, )
)
       Plaintiff, )
)
v. ) No. 1:10cv131 (AJT/JFA)
)
SEUNG HEUN LEE, *et al.* )
)
       Defendants. )
_____)

**Memorandum Opinion**

On July 23, 2010, plaintiff Andrew Myers ("Myers") filed an Amended Complaint (Doc. No. 76), in response to which the defendants filed Defendants' Joint Motion for Partial Dismissal of Plaintiff Myers' Amended Complaint (Doc. No. 89) (the "Motion").[1] Specifically, Myers' seven count Amended Complaint alleges RICO and

---

[1] In response to the original Complaint (Doc. No. 1), defendants moved to dismiss pursuant to Fed. R. Civ. P 12(b)(6) and 12(b)(2). In those motions, the defendants claimed that the fraudulent statements alleged as the basis for the mail and wire fraud that formed the pattern of racketeering activity in Count One (RICO) lacked sufficient specificity as required under Fed. R. Civ. P. 9(b). A similar claim was made as to the common law fraud claims and claims under the Virginia Consumer Act. In addition, defendant Dahn World challenged personal jurisdiction. By order dated July 12, 2010 (Doc. No. 75), the Court denied defendants' motions to dismiss the RICO claims, finding that although some of Myers' allegations lacked specificity required by Rule 9(b), there were specific allegations against then defendant Alexandria Dahn Yoga Center ("ADYC") sufficient for the purposes of alleging mail and wire fraud as predicate acts. The Court also found that Myers' failure to attribute multiple misrepresentations to each defendant was not fatal to the RICO counts as the alleged mail and wire fraud scheme pertained to all of the defendants and sufficiently alleged their participation in that scheme to defraud. The Court dismissed the state law fraud claim and the claim under the Virginia Consumer Protection Act as to all defendants except ADYC, concluding that the Complaint failed to allege specific misrepresentations by the other defendants. The Court

RICO conspiracy claims as to all defendants (Counts One and Two); federal wage and hour law violations as to defendant Dahn Yoga & Health Centers, Inc. (Counts Three and Four); violation of the Virginia Consumer Protection Act as to defendants Ilchi Lee, Dahn Yoga & Health Centers, Inc., and Tao Fellowship (Count Five); common law fraud as to defendants Ilchi Lee, Dahn Yoga & Health Centers, Inc., Tao Fellowship, Dahn Foundation, and HSP Ranch (Count Six); and intentional infliction of emotional distress as to defendants Ilchi Lee, Dahn Yoga & Health Centers, Inc., Tao Fellowship, Dahn Foundation, and HSP Ranch (Count Seven). The defendants move to dismiss all claims except for the wage and hour law violations under Counts Three and Four. The defendants also raise jurisdictional challenges, arguing that should the Court dismiss the RICO claims, the Court would lack subject matter jurisdiction over the state law claims and personal jurisdiction over all but defendant Dahn Yoga & Health Centers, Inc. As to the RICO and RICO conspiracy claims (Counts One and Two), defendants claim that the Amended Complaint fails to sufficiently allege, for the purpose of Section 1962(c)(1), a pattern of racketeering activity; (2) defendants' employment by or association with a RICO enterprise; or (3) an enterprise that exists sufficiently separate and apart from the defendants themselves. A hearing on the Motion was held on September 10, 2010, following which the Court took the matter under advisement.

---

dismissed the intentional infliction of emotional distress claim against all defendants except ADYC. The Court also dismissed as to all defendants claims for unjust enrichment, negligent infliction of emotional distress, and breach of fiduciary duty. The Court granted leave to file an amended complaint that attributed additional specific statements to specific defendants. In their motions to dismiss, the defendants did not challenge the sufficiency of the Complaint's allegations pertaining to the RICO enterprise and the Court did not consider that issue. As stated by the defendants, the defendants' challenge to the RICO claims is prompted by the Amended Complaint's new allegations of agency.

2

After consideration of the Motion, the opposition filed thereto and the arguments of counsel, the Court concludes that Myers has failed to sufficiently allege a RICO enterprise that is separate and distinct from the defendants themselves and that the RICO and RICO conspiracy claims should be dismissed on those grounds. The Court also concludes that in the absence of the RICO and RICO conspiracy claims, this Court should not exercise its supplemental jurisdiction over the alleged state law claims (Counts Five, Six, and Seven). For these reasons, those claims will be dismissed without prejudice; and this case will proceed only against defendant Dahn Yoga & Health Centers, Inc. on Counts Three and Four, alleging violations of the Fair Labor Standards Act.

## Statement of Facts

Plaintiff's specific allegations are discussed in this Court's Memorandum Opinion dated July 12, 2010 (Doc. No. 74). Very briefly summarized, Myers claims he was systematically indoctrinated and defrauded over the course of a year, from September 2007 to August 2008, by the defendants acting through a network of affiliated entities formed and controlled by defendant Sung Heun Lee (hereinafter "Ilchi Lee" or "Lee"), the network's spiritual leader. [2]

---

[2] The Amended Complaint, while expanding the original complaint from 77 pages to 90 pages, does not materially add to the plaintiff's substantive allegations of wrongdoing, but rather (1) eliminates as a defendant Alexandria Dahn Yoga Center, which is now alleged to be, in fact, part of defendant Dahn Yoga & Health Centers, Inc., which was the sole shareholder of ADYC until July 2007, at which time ADYC was merged into DYHC; and (2) alleges a number of agency relationships among the defendants, through which Myers attributes the fraudulent statements to certain defendants, including the substance of those alleged misrepresentations the Court previously determined had been adequately pled as to former defendant ADYC.

3

Named as defendants in the Amended Complaint in addition to Lee are (1) Dahn World Co., Ltd. (hereinafter "Dahn World"); (2) Dahn Yoga & Health Centers, Inc. (hereinafter, "DYHC"); (3) Dahn Foundation; (4) BR Consulting NJ, Inc. (hereinafter "BR Consulting"); (5) HSP Ranch; (6) Tao Fellowship ; and (7) John Does Nos. 1-20. In paragraphs 9 through 17 of the Amended Complaint, Myers describes the defendants and their relationships to each other. As alleged in the Amended Complaint, defendant Lee is the "Grand Master" of the entire Dahn network, which consists of Lee and the other defendants. Amended Complaint. at ¶¶ 9, 34. In that connection, Myers alleges Lee formed, operates and controls defendant Dahn World, which provides internet and computer services. Dahn World, in turn, owns 74% of the defendant DYHC. DYHC operates directly or is affiliated with nearly 1,000 Dahn yoga centers worldwide, including the Dahn Yoga and Health Family Center, in Alexandria, Virginia (hereinafter "ADYC"), where Myers was first introduced to Lee's affiliated entities and where Myers later worked. DYHC also founded defendant Dahn Foundation, which coordinates volunteer activities in fifteen cities, providing "brain education" training to members of those communities. The Dahn Foundation also provides support for a community service initiative known as the "Phoenix Project," which Myers also attended.

Lee also serves as a director of defendant Tao Fellowship, which owns and operates mediation and retreat centers, youth camps, and healer schools, including two retreats that Myers attended, "Tao Holistic Healing" and "Dahnmudo School." Lee is also the founder, President and Chief Operating Officer of defendant BR Consulting, which licenses proprietary rights (i.e. Lee's "philosophy," etc.) to other Dahn related entities

and also owns and operates as a subsidiary defendant HSP Ranch, where Myers attended a "Chunhwa Mediation Tour" at "HSP Earth Village" in July 2008.

## Legal Standard

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must set forth "a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In that regard, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "[c]onclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). For that reason, a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 555 U.S. at 556. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949 (2009); *Twombly*, 550 U.S. at 555. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted). The central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," and the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly*, 550 U.S. at 555.

## Analysis

I. <u>Failure to State a Claim as to Counts One (RICO, 18 USC § 1962 (c)) and Two (RICO Conspiracy, 18 USC § 1962(d))</u>

In order to state a RICO claim, Myers must adequately allege that a defendant engaged in the (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. Myers must also allege that he was injured in his business or property because of the RICO violation. *D'Addario v. Geller*, 264 F. Supp. 2d 367, 396 (E.D. Va. 2003).

### A. *Plaintiff Has Not Sufficiently Alleged An Enterprise Distinct from the Defendants*

Section 1962(c) limits RICO liability to a "person employed by or associated with any enterprise." 18 U.S.C. § 1962(c). An "enterprise" is defined as "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact, although not a legal entity." 18 U.S.C. § 1961(4). Courts are in agreement that for the purposes of liability under Section 1962(c), a RICO person must be distinct from the RICO enterprise. *Palmetto State*, 117 F.3d 142, 148 (4th Cir. 1997).[3] Thus, "liability depends on showing that the defendants conducted or participated in the conduct of the '*enterprise's affairs*,' not just their *own* affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (emphasis in the original); *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America*, 18 F. 3d 1161, 1163–64 (4th Cir. 1994) (finding the alleged RICO person, the International, Union, United Mine Workers of

---

[3] Every Circuit now holds that the RICO enterprise must be distinct from the RICO persons, with the Eleventh Circuit the final court to do so. *See United States v. Goldin Indus.*, 219 F.3d 1268, 1270 (11th Cir. 2000) (reversing its position that 1962(c) does not contain a distinctiveness requirement, and noting that every circuit is now in agreement).

America and its employees, was not distinct from the alleged enterprise consisting of the Union along with its local chapters).[4]

For the RICO enterprise (hereinafter referred to as the "Dahn Organization"), Myers alleges that "[a]t all times relevant to this [Amended] Complaint, the defendants . . . , along with others, constituted an 'enterprise' as defined in 18 U.S.C. §§ 1961(4) and 1962(c) (hereinafter, the 'Dahn Organization')." Amended Complaint at ¶ 34. Further describing the "enterprise," Myer alleges that "[t]he Dahn Organization was an association in fact among the individuals and corporations acting in concert to target, control, and defraud its victims of their health, liberty, and property for the financial benefit of the Dahn Organization and its leader, Ilchi Lee." Amended Complaint at ¶ 34. Myers further alleges that the "Dahn Organization's component entities share officers and directors and are otherwise interrelated." Amended Complaint at ¶ 37. In that regard, the Dahn Organization allegedly operates in a "hierarchical manner" and defendant Lee "coordinates and directs the Dahn Organization's strategy within the United States and worldwide," such that "in the United States, instructions and information flow from Ilchi Lee and national elements of the Dahn Organization to individual Dahn Yoga Centers." Amended Complaint at ¶ 38. This top-down command and control is accomplished by defendants' acting through a series of interconnecting agency relationships, including the following non-party participants:

- Jung Sun Lee, known as "Master Lee" (not to be confused with defendant Lee), Master of the Alexandria Dahn Yoga Center; regional Master for the

---

[4] In *Boyle v. United States*, 129 S. Ct. 2237 (2009), the Supreme Court liberally construed the structure requirements of an association-in-fact enterprise. It did not alter the distinctiveness required between the RICO person and the RICO enterprise.

Dahn Organization, employee of DYHC, and agent of Ilchi Lee, Dahn Foundation, and HSP Ranch.

- Michael Munson, Master of the Dahn Organization who led Myers in various activities including the DahnMuDo School (operated by defendant Tao Fellowship), the Phoenix Project (operated by defendant Dahn Foundation), and the Young Earth Human Alliance ("YEHA") (hosted by defendant Tao Fellowship).

- Chun Hae, also known as Master Blue Ocean, an employee of DHYC who also represented Tao Fellowship and a "high level Master" of the Dahn Organization, who trained Myers at a YEHA camp in Ellenvile, New York (separate and distinct from the Sedonia location operated by Tao Fellowship) and at the DahnMuDo School.

- Byuk Won Sunsaengnim, a high level Master of the Dahn Organization, who trained Myers at the DahnMuDo School, an employee of DYHC and agent of Tao Fellowship at the DahnMuDo School.

- Hyerin Moon, a Master for the Dahn Organization, employee of DYHC and agent of Dahn Foundation at the Phoenix Project.

- Woo Seok Jang, a high-level Master for the Dahn Organization, employee of DYHC and agent of Tao Fellowship at the DahnMuDo School.

- Master Bright, a high level Master, Washington D.C. Regional Director for the Dahn Organization, employee of DYHC and agent of Tao Fellowship, who persuaded Myers to attend a Dahn Center Internship Training Program and Dahn Ho training.

- Master Song, a Master for the Dahn Organization, employee of DYHC and agent of Tao Fellowship, who supervised Myers at the Dahn Ho training.

- Melissa [Last Name Unknown], a Master of the Dahn Organization and Regional Master in New Mexico, personal assistant to defendant Lee, an employee of DYHC, and an agent of Tao Fellowship, HSP Ranch, and Ilchi Lee at the Dahn Center Internship Training and Chunwa Mediation Tour.

- Alex Lee, an instructor with the Dahn Organization, an employee at DYHC, and agent of Tao Fellowship.

- Master Hong, an instructor and healer at Tao Holistic Healing program (associated with the Tao Fellowship), and an employee of DYHC and/or Tao Fellowship

Overall, Myers alleged that "the purpose of the Dahn Organization, operating through its members and other affiliated individuals, is to financially exploit the Dahn Organization's customers, members and employee's for the benefit of the Dahn Organization and its leader Ilchi Lee." Amended Complaint at ¶ 42.

The Amended Complaint fails to allege a RICO enterprise that operates or functions in a way distinct from the defendants themselves. There is a complete overlap between the defendants, their alleged agents, and the enterprise. Indeed, the defendants are alleged to be, in fact "the Dahn Organization," and nowhere in the Amended Complaint are there any allegations that the affairs of the enterprise are any different from the affairs of the defendants. *See Arguaga-Collazo v. Oriental Federal Savings Bank, et al.*, 913 F.2d 5, 6 (1st Cir. 1990) (Breyer, C.J.) ("[A]n 'enterprise' does not '*conduct and participate . . . in the conduct of*' that same enterprise's affairs.") (emphasis in original).

The defendants through their various agents are alleged to have made fraudulent statements encouraging Myers and others to participate in various activities and programs in order to recruit and extort individuals under the auspices of inherently fraudulent spiritual and physical healing. These allegations are no different from the alleged activities attributed to the enterprise. In fact, Myers alleges that defendant Lee formed, dominates, and controls the network of affiliated defendants precisely for the same purposes of promoting and facilitating his allegedly fraudulent scheme as those attributed to the RICO enterprise consisting of the same defendants. The sum total of the allegations set forth in the Amended Complaint does no more than allege that the defendants associated with themselves for the purpose of conducting defendant Lee's and the other

defendants' business affairs through entities created for that purpose. *See Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Union 639*, 839 F.2d 782, 791 (D.C. Cir. 1988) (holding that "an organization cannot join with its own members to do that which it normally does and thereby form an enterprise separate and apart from itself."), *modified on other grounds en banc*, 913 F. 2d 948, 951 (D.C. Cir. 1990); *Arguaga-Collazo*, 913 F.2d at 6 (concluding that the complaint fails to state a claim under RICO because it does not allege that the defendants conducted or participated in the conduct of "some other, larger, unlawful enterprise").

Myers argues that he has properly alleged a distinctiveness between the defendants and the enterprise because each of the defendants meets the definition of a "person" under RICO, relying heavily on the holding in *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001) (finding the president and sole shareholder of a corporation a distinct RICO "person" from the RICO "enterprise" he managed). While Myers is correct that each of the defendants meets the definition of a "person" for the purposes of RICO, the activities of the alleged enterprise must be distinguishable from the normal day to day activities of these "persons." As the Supreme Court observed in *Cedric*:

> We do not quarrel with the basic principle that to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a "person"; and (2) an "enterprise" that is not simply the same "person" referred to by a different name. The statute's language, read as ordinary English, suggests that principle. The Act says that it applies to "persons" who are "employed by or associated with" the "enterprise." § 1962(c). In ordinary English one speaks of employing, being employed by, or associating with others, not oneself.

*Id.* at 158.

Here, Myers has alleged only an enterprise that is the defendants by a different name, the Dahn Organization. In the end, the Amended Complaint alleges only that the RICO persons joined together for the purposes of conducting their own affairs. In reaching its decision, this Court does not reject the possibility, recognized in several circuits,[5] that a RICO defendant can be both a RICO "person" and one of a number of members of the RICO "enterprise." While the Dahn Organization may qualify as an association-in-fact enterprise, Meyers must still prove these defendants participated "in the conduct of enterprise's affairs, not just their own affairs." Reves, 507 U.S. at 185. The complete identity between the defendants, their agents, and the enterprise is particularly clear in this case since, as alleged, the purposes and personality of defendant Lee dominate both the defendants and the enterprise, neither of which has a purpose distinct from the goals and objectives of the other, from defendant Lee himself, or from his inherently fraudulent philosophy and activities. *See* Amended Complaint at ¶ 34.

For these reasons, the Court concludes that Myers has failed to allege a RICO enterprise distinct from the defendants.

### *B. Plaintiff Has Not Properly Alleged A RICO Conspiracy Claim*

To state a claim for RICO conspiracy pursuant to § 1962(d), Myers must allege that there was (1) an agreement to further or facilitate (2) an act that is independently wrongful under RICO. *See Beck v. Prupis*, 529 U.S. 494, 505 (2000); *Salinas v. U.S.*, 522 U.S. 52, 65-66 (1997). Myers adequately alleged that the various defendants agreed to further the goals of the Dahn Organization. However, as discussed above, Myers failed to adequately plead the existence of an enterprise distinct from the defendants. Having

---

[5] *See, e.g., Cullen v. Margiotta*, 811 F.2d 698, 729–30 (2d. Cir 1987); *Atlas Pile Driving Co. v. DiCon Fin. Co.*, 866 F.2d 986, 995 (8th Cir. 1989).

failed to allege adequately a RICO offense that was the object of the alleged conspiracy, Myers' alleged RICO conspiracy must be dismissed. *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 551 (4th Cir. 2001) ("Because the pleadings do not state a substantive RICO claim under § 1962(c), Plaintiffs' RICO conspiracy claim fails as well.").

### C. This Court Declines to Exercise Supplemental Jurisdiction over the State Law Claims

28 U.S.C. § 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Myers invokes this Court's federal question jurisdiction and its supplemental jurisdiction under § 1367.[6] In the absence of the RICO and RICO conspiracy claims, this Court has federal question jurisdiction under 28 U.S.C. § 1331 only as to the Fair Labor Standards claims asserted against defendant DYHC in Counts Three and Four.

Myers' state law claims have little affinity to the FLSA claims. Rather, they are based on essentially the same allegations as the deficient RICO and RICO conspiracy claims, and the overwhelming majority of the 90 page, 220 paragraph Amended Complaint relate to those state law and RICO claims, as opposed to the FLSA claims.

---

[6] In his opposition to defendants' motion to dismiss, Myers claims that this Court also has subject matter jurisdiction over the state law claims based on diversity of citizenship, 28 U.S.C. § 1332. However, Myers did not assert such jurisdiction in either the original Complaint or the Amended Complaint and this Court will not consider whether it has jurisdiction other than as pleaded in the Amended Complaint.

12

While the allegations related to the state law claims may be sufficiently related to the FSLA claims to "form part of the same case or controversy under Article III of the United States Constitution," there is no doubt that they "substantially predominate over the claim or claims over which the court has original jurisdiction." 28 U.S.C. § 1367 (c)(2). They also present "novel or complex issues of state law," including issues pertaining to personal jurisdiction over certain defendants and whether under state law certain of the alleged misrepresentations are actionable. For these reasons, this Court declines to exercise supplemental jurisdiction over Counts Five, Six and Seven.

## Conclusion

For the above reasons, the Court dismisses Counts One and Two, and declines to exercise supplemental jurisdiction over Counts Five, Six, and Seven.

An appropriate Order will issue.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
September 21, 2010